**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOHN AYALA, | : | CIVIL ACTION NO. 09-3484 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| KENNETH McCORMICK, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE COURT** issued an order and judgment on March 31, 2014 ("March 2014 Judgment"), inter alia: (1) granting the motion for summary judgment by the defendants remaining in the action at that juncture ("Defendants"); (2) entering judgment in favor of the Defendants; and (3) closing the action. (See dkt. 94; see also dkt. 93, 3-31-14 Mem. Op. at 1–24.)

**THE PLAINTIFF**, who is a prisoner and apparently now proceeding pro se, filed a motion ("Motion") in December 2014 to reopen the time for appeal from the March 2014 Judgment. (See dkt. 97.) See 28 U.S.C. § 2107(c); Fed.R.App.P. 4(a)(6).[1] The plaintiff argues that: (1) pro bono counsel — who had been assigned to represent him — was notified of the entry of the March 2014 Judgment, but then failed to notify the

---

[1] The plaintiff dated the Motion on December 6, 2014. (See dkt. 97 at 2; dkt. 97-1 at 1–2; dkt. 97-2 at 1–2.) The Motion was mailed on December 9, 2014. (See dkt. 97-5.) The Motion was docketed on December 11, 2014. (See generally dkt. 97.)

plaintiff of its entry; (2) he was first advised about the March 2014 Judgment on November 25, 2014, when the Magistrate Judge answered a letter written by the plaintiff himself on November 13, 2014; and (3) he would have appealed in a timely manner had he been properly informed about the March 2014 Judgment.  (See dkt. 97-3 at 2–8; see also dkt. 95, Magistrate Judge Letter dated 11-25-14.)  The Defendants opposed the Motion.  (See dkt. 98.)

**THE COURT**, upon a review of the papers filed in support of and in opposition to the Motion, will deny the Motion.  See L.Civ.R. 78.1(b) (stating district court may determine that a motion "will be decided on the papers submitted").

**THERE WAS** "a clear 180-day outer limit" for the plaintiff to file the Motion. Baker v. United States, 670 F.3d 448, 460 (3d Cir. 2012); see 28 U.S.C. § 2107(c); see also Fed.R.App.P. 4(a)(6)(B).  The plaintiff's time to move to reopen the time for appeal from the March 2014 Judgment elapsed on September 29, 2014.

**THAT TIME LIMIT** is "jurisdictional in nature" and a "jurisdictional requirement".  Bowles v. Russell, 551 U.S. 205, 206, 214 (2007); see Baker, 670 F.3d at 456 (stating "there is no doubt after Bowles that those rules listed in 28 U.S.C. § 2107, which are also embodied in [Federal Rules of Appellate Procedure] 4(a)(1) and 4(a)(6), are jurisdictional, and are not subject to equitable modification").

**THIS COURT** "cannot extend the 180-day outer limit".  Baker, 670 F.3d at 456 (citing: (a) 2005 Advisory Committee Notes to Federal Rule of Appellate Procedure

2

4(a)(6) stating appeal cannot be brought more than 180 days after entry, no matter what the circumstances; (b) 1991 Advisory Committee Notes to same rule explaining it establishes outer time limit of 180 days for party failing to receive timely notice of entry of judgment to seek more time to appeal; and (c) Bowles).

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order denying the Motion.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:**  June 29, 2015